IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Crystal Michelle Silvas, Paul Andrew Silvas and the conjugal society formed by both<br><br>    Plaintiffs<br><br>v.<br><br>Hilton International of Puerto Rico, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC.; CHUBB INSURANCE COMPANY; W and X CORP; Y and Z INSURANCE Companies<br><br>    Defendants | CIVIL NO.<br><br><br><br><br><br><br><br><br><br>Plaintiffs demand Trial by Jury |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs Crystal Michelle Silvas, Paul Andrew Silvas and the conjugal society formed by both and before this Honorable Court respectfully allege and pray as follows:

**I.   THE PARTIES**

1.   Plaintiffs Crystal Michelle Silvas and Paul Andrew Silvas, are both of legal age, married to each other and domiciled in the State of North Carolina.

2.   Through marriage, Crystal and Paul are the members of the Silvas conjugal society formed by both.

3.   Defendant, Hilton International of Puerto Rico, LLC, (Hereinafter referred to as "Hilton PR.") is a limited liability company registered in the State of Delaware that is the owner of a Puerto Rico hotel known as The Caribe Hilton, located at No. 1 San Geronimo Street, San Juan, Puerto Rico.

4.   Defendant, Puerto Rico Caribe Lessee, LLC (" Caribe Lessee") is a Delaware Limited Liability Company that is the Lessee and/or operator and/or manager of the Caribe Hilton Hotel. The ultimate parent company of Caribe Lessee is co-defendant Park Hotels and Resorts, Inc.

5.   Defendant, Park Hotels & Resorts, Inc., (hereinafter "Park Hotels") is one of the largest publicly traded real estate investment trusts.  It is registered as a Delaware Corporation and is the owner of various companies, to include the companies that own, manage and operate the Caribe Hilton Hotel, to include its real estate.

6. It is Park Hotels the entity that ultimately earns the profits of all of its hotel operations, to include the Caribe Hilton Hotel, and thus, it is also responsible to the plaintiffs as further described below.

7. All of the above-named defendants will be addressed collectively as the "Caribe Hilton Defendants".

8. CHUBB Insurance Company Upon information and belief, (Hereinafter referred to as "CHUBB") is an insurance carrier duly authorized to underwrite insurance policies and transact the business of insurance in Puerto Rico, that had issued one or more insurance policies in favor of one or more of the named Caribe Hilton defendants to cover events and damages as described in this complaint, as per the coverage and limitations provided by the insurance policies in effect at the time of the accident described in this complaint.

9. W and X CORP, are the fictitious names utilized to denominate other corporate entities that together with the rest of the defendants are also responsible for the accident described in this complaint and all damages caused to the plaintiffs to suffer. Once their identities are known, the complaint may be amended to substitute and properly name said unknown defendants.

10. Y and Z INSURANCE are the fictitious names used to denominate one or more insurance companies that at the time of the occurrence of the event described in this complaint had issued and had in effect one or more insurance policies to cover the liability or excess liability of one or more of the Caribe Hilton defendants in this action. Once their identities are known, the complaint may be amended to substitute the fictitious names with the proper names of said insurance company defendants.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

12. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

## FACTS

13. Plaintiffs Crystal Michelle Silvas and her husband Paul Andrew Silvas were paying hotel guests at the Caribe Hilton Hotel from late January until February, 6th, 2021.

14. On February 6th, 2021 around 1PM, Crystal was walking towards the outdoor hot tub pool, next to the swimming pool area.

15. She stepped on one of the pavers bordering the hot tub, the paver ceded and/or crumbled underneath of her falling into the hot tub, and causing Crystal to fall as well into the hot tub, hitting her head and neck abruptly against the upper body of another hotel guest who was inside the hot tub.

16. Because of the abrupt fall, she suffered a contusion and immediately excruciating, sharp and intense pain in her neck and spine area. Paramedics were called and proceeded to evaluate her. She returned home that same day.

17. Upon returning to North Carolina she immediately went to the Emergency Room for evaluation and treatment. She was initially diagnosed with suffering from a contusion and whiplash, and was referred to an orthopedic doctor and spine specialist for further medical evaluation.

## LIABILITY OF THE DEFENDANTS

18. All the Caribe Hilton defendants are considered Innkeepers under Puerto Rico law. As Innkeeper's and as per Puerto Rico law, the Caribe Hilton defendants have and owe a heightened duty of care towards guests.

19. As Innkeeper's, owners, operators and managers of the hotel facilities, the Caribe Hilton defendants are required to maintain all its hotel premises in such condition so that their guests do not suffer injuries due to negligence of the Innkeeper and/or the hotel premises.

20. As per the following averments, the Caribe Hilton defendants and their employees were negligent in not identifying a dangerous condition and in not providing adequate maintenance and proper repair to the pavers surrounding the hot tub area to remedy the dangerous condition that loose and worn pavers without proper grout represented.

21. The Caribe Hilton hotel, after the terrible consequences and destruction caused by Hurricane Maria, shut down hotel operations and underwent repairs, remodeling and improvements.

22. By information and/or belief, The Caribe Hilton defendants invested over 140 Million dollars in the renovation of certain hotel facilities before renewing hotel operations, and conducted publicity and marketing campaigns in order to attract paying guests like the Silvas family.

23. Focusing on generating profits instead of ensuring that all facilities were in top condition and proper repair and

working order and safe for hotel guests, they resumed hotel operations.

24. By information and/or belief, The Caribe Hilton defendants and their employees provided regular and/or daily maintenance service to the swimming pool, to include the hot tub area next to the swimming pool daily, yet they were lax and careless in monitoring and correcting defects in the hot tub area.

25. By information and believe, the Caribe Hilton hotel defendants and their employees new the condition of disrepair of the swimming pool area, to include the hot tub, and that repairs were needed to be conducted to the tiles surrounding the hot tub next to the hotel swimming pool, since some tiles were loose and grout had eroded prior to the accident mentioned in this complaint.  Yet, they were negligent and failed to act until this tragic accident happened.

26. The loose pavers around the hot tube dangerous condition was present and detectable for many months prior to the accident, not only by the hotel swimming pool employees but also by the hotel engineering and maintenance staff.  Yet, the Caribe Hilton Hotel and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, failed to properly inspect, monitor and act, by failing to provide adequate

maintenance and upkeep and needed repairs, allowing a dangerous condition to worsen and to remain in the hot tub area, an area used daily by their paying guests.

27. By information and/or belief, The Caribe Hilton defendants and their employees prior to resuming hotel operations after Hurricane Maria, negligently failed to inspect and/or identify and correct and/or repair the dangerous condition that worn loose tiles without proper grout surrounding the hot tub area represented, allowing a dangerous condition to be present for months before the accident.

28. It was foreseeable that hotel guests would be present in the hot tub area and that said guests would step on the tiles bordering the hot tub, yet the Caribe Hilton defendants and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, intentionally and/or grossly neglected to correct and repair the dangerous condition that loose tiles without adequate grout represented.

29. The intentional, lax and careless attitude of the Caribe Hilton and its employees to inspect, detect, carry out repairs and/or provide needed maintenance on a timely basis to the tiles surrounding the hot tub until an accident happened amounted to gross negligence.

30. As per the previous averments, all the Caribe Hilton defendants and their employees were grossly negligent and failed in carrying out their responsibility and obligations as Innkeepers inspecting, correcting, repairing, and eliminating and/or fixing dangerous conditions. Thus, all the Caribe Hilton defendants are thus jointly responsible for the accident suffered by Crystal Silvas and all the damages caused to Crystal, her husband, the conjugal society and her family.

**DAMAGES**

31. The fall suffered by Crystal Michelle Silvas on February 6th, 2021 caused her to suffer life changing damages.

32. Prior to the accident, Crystal and her family enjoyed a very vigorous lifestyle, enjoying a number of activities, to include home, outdoor and recreational activities. After the accident, her life, and the lifestyle that she enjoyed and enjoyed with her husband and family changed forever.

33. At the time of the accident, Crystal was 34 years of age and a very active person, working in two jobs, enjoying her family and her husband and an avid participant of several outdoor activities and pastimes at home and elsewhere. Crystal and her husband were also planning to adopt a child.

34. On February 6th, 2021 due to the negligence of the defendants and their employees, her life and that of her family changed instantly forever.

35. When she returned home after the Caribe Hilton accident, she underwent medical evaluations and treatments for the intense pain that she was suffering because of the fall suffered at the Caribe Hilton.

36. Upon her return to North Carolina she complained of suffering intense pain in her neck and upper extremities.

37. She was initially diagnosed with suffering from left, upper extremity cervical radiculopathy and a hernia and prescribed a number of medications and treatments to include Non-steroidal anti-inflammatory medications, steroid tapers, muscle relaxants, neuropathic medications, an epidural steroid injection, and physical therapy sessions. Her pain and symptoms continued.

38. The radiating pain was constant and continued and neurologic symptoms worsened.  She was unable to raise her left arm significantly, suffered from lack of sleep, impeded from conducting household chores, engage in intimacy, care for her children and many other daily activities.  She suffered from numbness and tingling and pain in her spine area, further affecting her life, causing further damages to her and her

family.  She was not even able to provide the same quality of affection to her children that they all enjoyed prior to the accident.

39.   Since the pain continued, Crystal had to undergo an C5-C6 Anterior Cervical Discectomy Surgery in the month of July, 2021.  After the surgery although her quality of life improved somewhat, she was never able to recover to her pain free pre accident state, nor the full quality of life she enjoyed prior to the accident.

40.   Crystal Michelle Silvas, at present still complains of pain, suffers from mental anguish, distress and PTSD. She has permanent physical damages that will affect her for the rest of her life.  She has had to undergo a series of medical treatments, an operation and take medication.  Her intimacy with her husband has been affected.  She has difficulty sleeping. She does not have the same type of mobility that she enjoyed prior to the accident.  She is limited in the type of activities and duration of activities that she was able to perform prior to the accident. She also suffers from depression, sadness, and severe emotional distress.  She no longer enjoys nor can participate in various activities and pleasures of life that she was able to participate and perform prior to the day of the accident, to include activities with her husband, family, and friends.

41. Her quality of life and the life with her husband and children has been severely affected. She is very sad and disappointed in that she is not able to participate and carry out several activities nor to give the same type of support, attention, love and affection to her family and husband that she was able to provide prior to the accident. She even had to desist from her family plans of adopting another child.

42. All her past, present, and future physical and mental anguish damages, to include hedonic damages suffered due to the negligence of the defendants are compensable as per the Civil Code of Puerto Rico.

43. All her physical and mental anguish damages to include hedonic damages are reasonably estimated in a sum in excess of $3,000,000.00.

44. Her husband Paul Andrew Silvas has also been affected by this accident. Since the accident he has been very worried for his wife. He is saddened due to the pain that his wife is suffering, a pain that has also impacted the daily activities that he enjoyed with his wife and family members. Intimacy with his wife has also been affected. He is very sad and disappointed that the plans that Crystal and him had of adopting another child had to be cancelled. The life that he enjoyed with Crystal and the rest of the family members before the day of the accident

changed forever because of the gross negligence of the Caribe Hilton defendants.

45. All his mental anguish damages because of the accident described in this complaint are reasonably estimated in a sum in excess of $500,000.

46. At the time of the accident, Crystal had two jobs that provided significant financial support for her family. Because of the accident, she is no longer able to work the same amount of time that she was able to work prior to the accident.

47. Because of the accident caused by the gross negligence of the defendants, she has been forced to quit a business that she started and is now limited in the amount of time that she can dedicate to income producing activities and thus, to the income that she can contribute. Her income earned, and thus the income of the conjugal society formed by both, has decreased dramatically.

48. Her economic damages and thus the damages suffered by the conjugal society that she has with her husband, because of the negligent acts of the defendants are estimated in a sum in excess of $1,000,000.

49. Crystal and her family because of the negligent acts of the defendants have been caused to incur and will have to incur in additional economic unwanted expenses that they would not have

incurred if not for the accident. Said expenses are reasonably estimated in a sum in excess of $50,000 that the defendants also owe to the plaintiffs.

50. All of the named Defendants and their employees because of the gross negligence as per the dispositions of the new Civil Code of Puerto Rico regarding damages, direct and vicarious liability, are jointly and severally liable to the Plaintiffs for all of the damages caused.

51. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, all plaintiffs are entitled to be compensated jointly from the defendants for all damages caused to suffer because of negligence as alleged in this complaint.

52. Pursuant to Article 1538 of the Civil Code of Puerto Rico, plaintiffs request that the total amount of compensation awarded by a jury be doubled, if a jury determines, based on the factual and evidence presented at trial, that one or more of the Caribe Hilton defendants and/or their employees acted or failed to act knowingly, intentionally and with gross disregard to the safety and well-being of the Crystal Silvas and her family members.

53. Named defendant CHUBB, by information and/or belief, had in effect one or more insurance policies covering one or more of the defendants at the time of the accident. By virtue of the insurance policy in effect and/or other insurance policies that may have been in effect, Chubb Insurance is also directly responsible to the plaintiffs for all damages suffered, up to the insurance coverage limits provided as per the insurance policies in effect at the time of the accident, to include excess coverage insurance policies.

54. Plaintiffs demand trial by jury as to all claims asserted herein.

**WHEREFORE,** the Plaintiffs request the entry of judgment in their favor and against all Defendants condemning them to pay jointly and severally all the damages and amounts claimed herein, together with interest, costs, and attorney's fees and if granted by a jury, for double the compensation as per Article 1538 of the Civil Code of Puerto Rico.

In San Juan, Puerto Rico this 10th day of December, 2021.

**RESPECTFULLY SUBMITTED.**

        **Rivera-Aspinall, Garriga & Fernandini, PSC**
Attorneys for Plaintiffs
1647 Adams St., Summit Hills
San Juan, Puerto Rico   00920
Tel. (787) 792-8644
Fax (787) 792-6475
E-Mail: aspinall@ragflaw.com

**S/Julián R. Rivera-Aspinall**
Julián R. Rivera-Aspinall, Esq.
USDC/PR 208506