THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

121-244

| | |
|---|---|
| CRYSTAL MICHELLE SILVAS<br><br>Plaintiff<br><br>V.<br><br>HILTON INTERNATIONAL OF PUERTO RICO, INC. et al.<br><br>Defendants. | CIVIL NÚM.:  21-cv-1597 |

**ANSWER TO THE COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW HILTON INTERNATIONAL OF PUERTO RICO INC., PARK HOTELS & RESORTS, INC., PUERTO RICO CARIBE LESSEE, LLC, CHUBB INSURANCE COMPANY through the undersigned attorneys and respectfully states, alleges and prays as follows:

**I. THE PARTIES**

1. Paragraph number 1 is denied for lack of sufficient information upon which to form a belief and/or opinion.

2. Paragraph number 2 is denied for lack of sufficient information upon which to form a belief and/or opinion.

3. Of paragraph number 3 it is admitted that Hilton International of Puerto Rico, LLC, is a limited liability company registered in the state of Delaware. Except as admitted, it is denied.

4. Of paragraph number 4 it is admitted that Puerto Rico Caribe Lessee, LLC, that it is a limited liability company registered in the state of Delaware, and it operates and manages the Caribe Hilton Hotel. Except as admitted, it is denied.

5. Of paragraph number 5 it is admitted that Park Hotels & Resorts, Inc. is the owner of the Caribe Hilton Hotel. Except as admitted, it is denied.

6. Paragraph number 6 is denied.

7. Paragraph number 7 does not require a response from the appearing parties. If is required, it is denied for lack of sufficient information upon which to form a belief and/or opinion.

8. Paragraph number 8 is denied as drafted. It is affirmative alleged that Chubb Insurance Company issued a commercial general liability policy that names Hilton International of Puerto Rico as an extended insured and list the Caribe Hilton Hotel as a property afforded coverage under the policy, which subject to the limits, terms, conditions and exclusions contained within the policy. Except as admitted, it is denied.

9. Paragraph number 9 does not require a response from the appearing parties. If is required, it is denied for lack of sufficient information upon which to form a belief and/or opinion.

10. Paragraph number 10 does not require a response from the appearing parties. If is required, it is denied for lack of sufficient information upon which to form a belief and/or opinion.

## II. JURISDICTION AND VENUE

11. As to paragraph number 11, if plaintiff's allegations as to her place of domicile and extension of alleged damages are correct, then this Court would have jurisdiction over this action.

12. Paragraph number 12 is admitted.

## III.   FACTS

13. Paragraph number 13 is denied for lack of sufficient information upon which to form a belief and/or opinion.

14. Paragraph number 14 is denied for lack of sufficient information upon which to form a belief and/or opinion.

15. Paragraph number 15 is denied for lack of sufficient information upon which to form a belief and/or opinion.

16. Paragraph number 16 is denied for lack of sufficient information upon which to form a belief and/or opinion.

17. Paragraph number 17 is denied for lack of sufficient information upon which to form a belief and/or opinion.

## IV. LIABILITY OF DEFENDANTS

18. Paragraph 18 is denied as drafted. As per applicable case law the mere fact that the incident happened does not render the hotel liable. After all, an innkeeper is not an insurer of its guests' safety. Pabon Escapi, 90 D.P.R. 20, 25 (1964), citing Goose v. Hilton Hotels, 79 D.P.R. 523 (1956).

19. Paragraph 19 is denied as drafted. As per applicable case law the mere fact that the incident happened does not render the hotel liable. After all, an innkeeper is not an insurer of its guests' safety. Pabon Escapi, 90 D.P.R. 20, 25 (1964), citing Goose v. Hilton Hotels, 79 D.P.R. 523 (1956).

20. Paragraph 20 is denied.

21. Paragraph 21 is admitted.

22. Paragraph 22 is denied as drafted.

23. Paragraph 23 is denied.

24. Of paragraph 24, it is admitted that regular and daily maintenance was provided to the swimming pool and the adjacent hot tub. Except as admitted, it is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

## DAMAGES

31. Paragraph number 31 is denied for lack of sufficient information upon which to form a belief and/or opinion.

32. Paragraph number 13 is denied for lack of sufficient information upon which to form a belief and/or opinion.

33. Paragraph number 33 is denied for lack of sufficient information upon which to form a belief and/or opinion.

34. Paragraph number 34 is denied for lack of sufficient information upon which to form a belief and/or opinion.

35. Paragraph number 35 is denied for lack of sufficient information upon which to form a belief and/or opinion.

36. Paragraph number 36 is denied for lack of sufficient information upon which to form a belief and/or opinion.

37. Paragraph number 37 is denied for lack of sufficient information upon which to form a belief and/or opinion.

38. Paragraph number 38 is denied for lack of sufficient information upon which to form a belief and/or opinion.

39. Paragraph number 39 is denied for lack of sufficient information upon which to form a belief and/or opinion.

40. Paragraph number 40 is denied for lack of sufficient information upon which to form a belief and/or opinion.

41. Paragraph number 41 is denied for lack of sufficient information upon which to form a belief and/or opinion.

42. Paragraph number 42 is denied.

43. Paragraph number 43 is denied.

44. Paragraph number 44 is denied for lack of sufficient information upon which to form a belief and/or opinion.

45. Paragraph number 45 is denied.

46. Paragraph number 66 is denied for lack of sufficient information upon which to form a belief and/or opinion.

47. Paragraph 47 is denied.

46. Paragraph number 46 is a legal averment for which no responsive pleading is required. Alternatively, it is denied.

47. Paragraph number 47 is denied.

48. Paragraph number 48 is denied.

49. Paragraph number 49 is denied.

50. Paragraph number 50 is denied.

51. Paragraph number 51 is denied.

52. Paragraph number 52 is denied.

53. Paragraph number 53 is denied as drafted. Chubb would only be responsible if the insureds become legally obligated to pay for a claim, as defined by the policy. Chubb liability is subject to the limits, terms, conditions, and exclusions contained in the policy.

54. Paragraph number 54 is a legal averment for which no responsive pleading is required. Alternatively, it is denied.

## AFFIRMATIVE DEFENSES

All the statements contained in the foregoing paragraphs of this Answer to Complaint are incorporated by reference as if they are fully set forth herein by the appearing party. In addition, the following affirmative defenses are raised independently, in conjunction with, or in the alternative of each other:

1. The complaint fails to allege a cause of action upon which a remedy can be granted to plaintiff and against the appearing party.

2. The Court lacks subject matter and/or in personam jurisdiction.

3. There is no proximate cause or adequate cause between the appearing defendant's alleged negligent acts or omissions and the damages claimed by plaintiff.

4. The damages claimed by plaintiff were due to the negligent acts or omissions of third parties for which the appearing party are not liable.

5. The damages were caused by plaintiff's own negligence for failing to take precautions that a prudent and reasonable person would take under similar circumstances.

6. Assuming some comparative negligence can be respected to the appearing party, their liability would be limited to that portion of plaintiff's damages equal to the appearing party's degree of comparative negligence.

7. The claims against the appearing party are subject to the doctrines of "laches", "res judicata", "waiver", "own acts", "unclean hands", and/or "estoppel".

8. Plaintiff's injuries were not caused by a dangerous condition created by the appearing party, imputable to the appearing party, or reasonably known to the appearing party.

9. The alleged dangerous condition that supposedly caused plaintiff's injuries had been recently created and the appearing party had no knowledge, real or constructive, of its existence. This was a sudden and unforeseeable situation, and there was no sufficient time to correct it and avoid the incident.

10. The sums claimed by plaintiff are disproportionate and excessive when compared to the damages suffered.

11. Plaintiff failed to mitigate damages.

12. Plaintiff's damages are pre-existent to the incident alleged in the complaint and/or are due to pre-existent health conditions.

13. The complaint is time-barred in whole or in part.

14. Plaintiff failed to properly allege any special damage, so she waived them.

15. Plaintiff did not display the reasonable care required under the circumstances, and she did not take the necessary precautions to prevent the alleged incident.

16. The appearing party did not act in a negligent, arbitrary or reckless manner.

17. Plaintiff assumed the risk of causing her injuries.

18. All or part of the damages claimed by plaintiff have been compensated or otherwise paid by a third party, and hence plaintiff has no standing to claim such damages.

19. The incident site was properly designed, and it did not constitute any dangerous condition.

20. The incident site was well-maintained and free from any dangerous conditions. Alternatively, the appearing party did what could reasonably be expected to keep its premises safe, and is therefore not liable for plaintiff's damages.

21. Plaintiff had walked through the incident site on prior occasions without any problems or accidents.

22. Any averment not specifically admitted is deemed specifically denied.

23. The appearing party reserves the right to raise any other affirmative defense that may arise in the future as a result of the discovery carried out or to be carried out or the investigation performed or to be performed.

WHEREFORE, the appearing party respectfully prays to the Honorable Court to dismiss plaintiff's complaint.

In San Juan, Puerto Rico, this 15th day of March, 2022.

WE HEREBY CERTIFY that, on this same date, I electronically filed the foregoing with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

Respectfully submitted,

**S/HÉCTOR MÁRMOL LANTIGUA**
HÉCTOR MÁRMOL LANTIGUA
Bar No.: 225404

**S/FRANCISCO E. COLÓN-RAMÍREZ**
FRANCISCO E. COLÓN-RAMÍREZ
BAR NO.: 210510
E-mail: fecolon@colonramirez.com
**COLÓN RAMÍREZ LLC**
PO Box 361920
San Juan, PR 00936-1920
Tel.: (888) 760-1077
Fax: (305) 507-1920