UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| Crystal Michelle Silvas, Paul Andrew Silvas and the conjugal society formed by both<br><br>    Plaintiffs<br><br>       v.<br><br>Hilton International of Puerto Rico, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC.; CHUBB INSURANCE COMPANY; W and X CORP; Y and Z INSURANCE Companies<br><br>    Defendants | CIVIL NO. 21-1597 (RAM) |

**RULE 16 SCHEDULING ORDER**

Under Fed. R. Civ. P. 16(b) and Fed. R Civ. P. 1, the Court must schedule and plan the course of litigation to achieve a just, speedy and inexpensive determination of this case. Collectively, Fed. R. Civ. P. 7, 11, 16, and 26-37 require increased lawyer responsibility coupled with a mandate to the Court to increase the level of judicial management and control of litigation.

Counsel will: (1) read this order thoroughly and comply with it fully; (2) conduct themselves with civility and professionalism toward the Court and each other; (3) adhere to the Federal Rules of Civil Procedure and the Court's Local Rules; and (4) earnestly

attempt to resolve discovery disputes without the need for Court intervention.

Accordingly, it is **ORDERED** by the Court as follows:

## I.  Joint Case Management Memorandum

### A.  Filing Requirement and Deadline

In order to coordinate the discovery process and set the foundation for an efficient litigation, the parties must file a Joint Case Management Memorandum by <span style="color:red">June 17, 2022</span>. To that end, counsel must meet before the filing deadline to discuss the case and all pretrial procedures, including each party's discovery requests and expectations.  Exchanging by e-mail or other method their particular sections of the Joint Case Management Memorandum for its filing by one party's counsel is not acceptable.

### B.  Contents of the Joint Case Management Memorandum

Because the Joint Case Management Memorandum is designed to help both counsel and the Court learn more about the case at an early stage and to delineate the discovery process, the Memorandum must address the following issues:

1.  Each party's factual and legal contentions, with citations to statutes and case law;

2.   Each party's fact and expert witnesses, with
a summary of each witness' expected testimony.  When a
party announces expert witnesses retained or specially
employed to provide expert testimony in the case, the
party must provide the expert witnesses' *curriculum
vitae* and a summary of the expert's testimony and
opinions.  The Court will not permit a party to avoid
this requirement by stating that it will announce its
expert witnesses once another party announces its expert
witnesses, or once another party's expert witnesses
produce their expert witness reports.  All documentary
evidence to prove the parties' contentions will be
available to each party when the Memorandum is filed,
with a summary of the contents of each piece of
documentary evidence;

3.   All discovery which each party wishes to
conduct, including interrogatories, requests for
admissions, requests for production of documents or
things, requests to permit entry upon land, orders for
physical or mental examination of persons, and
depositions. A joint proposed discovery timetable must
be included.

4.    Inform whether each party consents to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636. Counsel should discuss this consent with their clients. The parties are free to withhold consent from proceeding to judgment before a magistrate judge without adverse substantive consequences.  See 28 U.S.C. § 636(c)(2); Fed.R.Civ.P. 73(b)(2).

5.    Any other matter deemed appropriate by counsel.

## II.   Initial Case Management and Settlement Conference

### A.    Purpose:

The purpose of the Initial Case Management and Settlement Conference is to review the status of the case and explore settlement possibilities.  The Court firmly believes that the extrajudicial resolution of disputes is the most efficient and effective way to end litigation.  Counsel and the parties are ORDERED to attend the conference prepared to discuss settlement and to make settlement offers.  To that end, counsel must attend the conference with authority to settle the case, and must have their clients present or available by telephone for immediate consultation during the conference under penalty of monetary sanctions. The Initial

Scheduling Conference is hereby set for **June 27, 2022 at 9:00 a.m. by video-teleconference.**

The parties are ORDERED to come to the conference prepared to:

1.  Disclose all material facts and bring forth evidence to show such facts;

2.  Enter into stipulations of fact;

3.  Inform the Court of their legal contentions and their theories of the case, with citations to statutes and case law;

4.  Answer all interrogatories, if not previously answered;

5.  Announce all documentary evidence;

6.  Announce all witnesses, including experts, with a description of each witness' proposed testimony;

7.  Schedule dates for taking all depositions and production of expert's report;

8.  Assess any damages claimed;

9.  Inform the Court whether they foresee any need to join additional parties, amend the complaint, require consolidation with other related cases, or file any other pretrial motions (such as motions to dismiss or for summary judgment.) If any of such filing is foreseen, the parties shall suggest specific dates for their filing.

10. Discuss settlement.

Following the Initial Case Management and Settlement Conference, the Court will issue a **Case Management Order** that, among other matters, will set dates for the pretrial conference and the trial, as well as set deadlines for

concluding discovery, filing dispositive motions, designating expert witnesses, filing the proposed pretrial order, and marking up the official exhibits. All deadlines set for in the **Case Management Order** shall remain firm dates. The Court shall not alter them, even by stipulations of the parties, except for when a clear showing of good cause is made.

### B.   Calendars

Counsel must attend the conference with their calendars or agendas with them.

## III. Discovery

### A.   Plan and Deadline

#### 1.   Initial Disclosures.

Pursuant to Rule 26(a)(1), the parties must, without awaiting a discovery request, provide to the other parties the following information: (1) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the discovering party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information of all individuals who have discoverable information regarding the case; (2) a copy of, or a description by category and location of, all

documents, data compilations, and tangible things that are in the possession, custody or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (3) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying, as under Rule 34, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; (4) for inspection and copying, as under Rule 34, any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. <u>See</u> Fed. R. Civ. P. 26(a)(1)(A)-(D).

The Rule 26(a)(1) mandatory disclosures shall be made at or within fourteen (14) days after the Rule 26(f) conference (described below). A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its

investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosure.  **Absent a Court order, discovery may not commence until the parties hold the Rule 26(f) conference.** However, the parties may deliver early Fed. Civ. P. 34 requests for production of documents authorized by Fed. R. Civ. P. 26(d)(2) which shall be considered served as of the date of the Rule 26(f) conference.

2.   **Rule 26(f) Conference**

Pursuant to Rule 26(f), and no later than June 3, 2022, the parties shall meet to consider the nature and basis of their claims and defenses and the possibilities for a prompt resolution of the case.  The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on a proposed discovery plan and for submitting to the Court a written Report of Parties' Planning Meeting, which shall include an outline of the discovery plan.  The report shall conform to Federal Rules of Civil Procedure Appendix Form 35 ("Report of Parties' Planning Meeting") and shall be attached to the Joint Case Management

Memorandum.   The parties shall include a notice of compliance with Rule 26(a)(1) in their Rule 26(f) joint report.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of May 2022.

    S/ RAÚL M. ARIAS-MARXUACH
    United States District Judge