## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **CRYSTAL MICHELLE SILVAS, PAUL ANDREW SILVAS AND THE CONJUGAL SOCIETY FORMED BY BOTH**<br><br>PLAINTIFFS<br><br>**VS.**<br><br>**HILTON INTERNATIONAL OF PUERTO RICO, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC.; CHUBB INSURANCE COMPANY; W AND X CORP; Y AND Z INSURANCE COMPANIES**<br><br>DEFENDANTS | CIVIL NO.:   21-1597 (RAM) |

## JOINT CASE MANAGEMENT MEMORANDUM

**TO THE HONORABLE COURT:**

**COME NOW** the parties, through the undersigned attorneys and very respectfully **SET FORTH** and **PRAY**:

**I.      INTRODUCTION**

This Honorable Court has ordered the parties to file this Joint Case Management Memorandum, Docket 11). In compliance with the Court order and following the guidelines set forth in the Order, the parties hereby submit the foregoing joint memorandum.

**II.      EACH PARTY'S THEORY OF THE CASE**

**A.  Plaintiff**

**THE FACTS**

Plaintiffs, Crystal Michelle Silvas and her husband Paul Andrew Silvas, were paying hotel

guests at the Caribe Hilton Hotel from late January until February 6th, 2021. On February 6th, 2021, around 1:00 PM, Crystal was walking towards the outdoor hot tub pool, next to the swimming pool area. She stepped on one of the pavers ("bullnose tile") bordering the hot tub, the paver ceded and/or crumbled underneath of her falling into the hot tub and causing Crystal to fall as well into the hot tub, hitting her head and neck abruptly against the upper body of another hotel guest who was inside the hot tub. Because of the abrupt fall, she suffered a contusion and immediately excruciating, sharp and intense pain in her neck and spine area. Paramedics were called and proceeded to evaluate her. She returned home that same day. Upon returning to North Carolina, she immediately went to the Emergency Room for evaluation and treatment. She was initially diagnosed with suffering from a contusion and a whiplash, and was referred to an orthopedic doctor and spine specialist for further medical evaluation.

**THE DAMAGES**

The fall suffered by Crystal Michelle Silvas on February 6th, 2021, caused her to suffer life changing damages. Prior to the accident, Crystal and her family enjoyed a very vigorous lifestyle, enjoying several activities, to include home, outdoor and recreational activities. After the accident, her life, and the lifestyle that she enjoyed and enjoyed with her husband and family changed forever. At the time of the accident, Crystal was 34 years of age and a very active person, working in two jobs, enjoying her family and her husband and an avid participant of several outdoor activities and pastimes at home and elsewhere. Crystal and her husband were also planning to adopt a child.

On February 6th, 2021, due to the negligence of the defendants and their employees, her life and that of her family changed instantly forever. When she returned home after the Caribe Hilton accident, she underwent medical evaluations and treatments for the intense pain that she

was suffering because of the fall suffered at the Caribe Hilton. She complained of suffering intense pain in her neck and upper extremities. She was initially diagnosed with suffering from left, upper extremity cervical radiculopathy and a hernia and prescribed several medications and treatments to include Nonsteroidal anti-inflammatory medications, steroid tapers, muscle relaxants, neuropathic medications, an epidural steroid injection, and physical therapy sessions. Her pain and symptoms continued. The radiating pain was constant and continued and neurologic symptoms worsened. She was unable to raise her left arm significantly, suffered from lack of sleep, impeded from conducting household chores, engage in intimacy, care for her children and many other daily activities. She suffered from numbness and tingling and pain in her spine area, further affecting her life, causing further damages to her and her family. She was not even able to provide the same quality of affection to her children that they all enjoyed prior to the accident. Since the pain continued, Crystal had to undergo an C5 - C6 Anterior Cervical Discectomy Surgery in the month of July 2021. After the surgery, although her quality of life improved somewhat, she was never able to recover to her pain free pre accident state, nor the full quality of life she enjoyed prior to the accident. Crystal Michelle Silvas, at present still complains of pain, suffers from mental anguish, distress, and PTSD. She has permanent physical damages that will affect her for the rest of her life. She has had to undergo a series of medical treatments, an operation and take medication. Her intimacy with her husband has been affected. She has difficulty sleeping. She does not have the same type of mobility that she enjoyed prior to the accident. She is limited in the type of activities and duration of activities that she was able to perform prior to the accident. She also suffers from depression, sadness, and severe emotional distress. She no longer enjoys nor can participate in various activities and pleasures of life that she was able to participate and perform prior to the day of the accident, to include activities with her husband, family, and friends. Her

3

quality of life and the life with her husband and children has been severely affected. She is very sad and disappointed in that she is not able to participate and carry out several activities nor to give the same type of support, attention, love and affection to her family and husband that she was able to provide prior to the accident. She even had to desist from her family plans of adopting another child. All her past, present, and future physical and mental anguish damages, to include hedonic damages suffered due to the negligence of the defendants are compensable as per the Civil Code of Puerto Rico. All her physical and mental anguish damages to include hedonic damages are reasonably estimated in a sum more than $3,000,000.00. Her husband Paul Andrew Silvas has also been affected by this accident. Since the accident he has been very worried for his wife. He is saddened due to the pain that his wife is suffering, a pain that has also impacted the daily activities that he enjoyed with his wife and family members. Intimacy with his wife has also been affected. He is very sad and disappointed that the plans that Crystal and he had of adopting another child had to be cancelled. The life that he enjoyed with Crystal and the rest of the family members before the day of the accident changed forever because of the gross negligence of the Caribe Hilton defendants. All his mental anguish damages because of the accident described in this complaint are reasonably estimated in a sum more than $500,000. At the time of the accident, Crystal had two jobs that provided significant financial support for her family. Because of the accident, she is no longer able to work the same amount of time that she was able to work prior to the accident. Because of the accident caused by the gross negligence of the defendants, she has been forced to quit a business that she started and is now limited in the amount of time that she can dedicate to income producing activities and thus, to the income that she can contribute. Her income earned, and thus the income of the conjugal society formed by both, has decreased dramatically. Her economic damages and thus the damages suffered by the conjugal society that she has with her

husband, because of the negligent acts of the defendants are estimated in a sum more than $1,000,000. Crystal and her family, because of the negligent acts of the defendants, have been caused to incur and will have to incur in additional economic unwanted expenses that they would not have incurred if not for the accident. Said expenses are reasonably estimated in a sum more than $50,000 that the defendants also owe to the plaintiffs. All the named Defendants and their employees because of the gross negligence as per the dispositions of the new Civil Code of Puerto Rico regarding damages, direct and vicarious liability, are jointly and severally liable to the Plaintiffs for all the damages caused to plaintiffs. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, all plaintiffs are entitled to be compensated jointly from the defendants for all damages caused to suffer because of negligence as alleged in this complaint.

## LIABILITY & APPLICABLE LAW

### Liability

All the Caribe Hilton defendants are considered Innkeepers under Puerto Rico law. As Innkeeper's and as per Puerto Rico law, the Caribe Hilton defendants have and owe a heightened duty of care towards guests. As Innkeeper's, owners, operators and managers of the hotel facilities, the Caribe Hilton defendants are required to maintain all its hotel premises in such condition so that their guests do not suffer injuries due to negligence of the Innkeeper and/or the hotel premises. As per the following averments, the Caribe Hilton defendants and their employees were negligent in not identifying a dangerous condition and in not providing adequate maintenance and proper repair to the pavers surrounding the hot tub area to remedy the dangerous condition that loose and worn pavers without proper grout represented. By information and belief, the Caribe Hilton hotel defendants and their employees new the condition of disrepair of the swimming pool area, to include the hot tub, and those repairs were needed to be conducted to the tiles surrounding the hot

tub next to the hotel swimming pool, since some tiles were loose, and grout had eroded prior to the accident mentioned in this complaint. Yet, they were negligent and failed to act until this tragic accident happened. The loose pavers around the hot tube were a dangerous condition and was present and detectable for many months prior to the accident, not only by the hotel swimming pool employees but also by the hotel engineering and maintenance staff. Yet, the Caribe Hilton Hotel and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, failed to properly inspect, monitor, and act, by failing to provide adequate maintenance and upkeep and needed repairs, allowing a dangerous condition to worsen and to remain in the hot tub area, an area used daily by their paying guests. By information and/or belief, The Caribe Hilton defendants, and their employees prior to resuming hotel operations after Hurricane Maria, negligently failed to inspect and/or identify and correct and/or repair the dangerous condition that worn loose tiles without proper grout surrounding the hot tub area represented, allowing a dangerous condition to be present for months before the accident. It was foreseeable that hotel guests would be present in the hot tub area and that said guests would step on the tiles bordering the hot tub, yet the Caribe Hilton defendants and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, intentionally and/or grossly neglected to correct and repair the dangerous condition that loose tiles without adequate grout represented. The intentional, lax, and careless attitude of the Caribe Hilton and its employees to inspect, detect, carry out repairs and/or provide needed maintenance on a timely basis to the tiles surrounding the hot tub until an accident happened amounted to gross negligence. As per the previous averments, all the Caribe Hilton defendants and their employees were grossly negligent and failed in carrying out their responsibility and obligations as Innkeepers inspecting, correcting, repairing, and eliminating and/or fixing dangerous conditions. Thus, all the Caribe Hilton defendants are thus jointly

responsible for the accident suffered by Crystal Silvas and all the damages caused to Crystal, her husband, the conjugal society, and her family.

**Applicable Law**

Article 1536 of the Puerto Rico Civil Code of 2020 (imposes tort liability on "[a] person who by an act or omission causes damage to another through fault or negligence." 31 L.P.R.A. § 10801. Marquez v. Casa de España de P.R., 59 F. Supp. 3d 409, 413 (D.P.R. 2014). To establish liability for negligence, a plaintiff must show that: 1) the defendant owed a duty to the plaintiff; 2) that the defendant breached that duty (i.e., that the defendant was negligent); 3) that the plaintiff suffered damages; and 3) that those damages were caused by the breach of duty (i.e., proximate causation). Nieves-Romero v. United States, 715 F.3d 375, 378-79 (1st Cir. 2013) (citing Sociedad de Gananciales c/p Hernández-López v. González Padín Co., 17 P.R. Offic. Trans. 111, 125, 117 P.R. Dec. 94 (1986)). *Vázquez–Filippetti v. Banco Popular de Puerto Rico,* 504 F.3d 43, 49 (1st Cir.2007) ; *Hernández v. Fournier,* 80 D.P.R. 93, 96 (1957); *Torres v. K-Mart* , 223 F. Supp. 2d 273, 277-78 (D.P,R, 2002) (citing *Cintrón Adorno v. Gómez*, 147 D.P.R. 576, 598-99 (1999). "As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007). A defendant's duty "is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." Id. (citing Ortiz v. Levitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973)). "Foreseeability is a component of the breach [element] because a defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." Id. (internal quotation omitted). As such, a plaintiff must show the foreseeable risks created by the defendant's acts or omissions to satisfy the burden as to this element. Once a plaintiff has demonstrated that

the defendant was negligent (breached the duty of care), he must then demonstrate that the defendant's negligence actually caused his injuries, and the defendant could have reasonably foreseen that the injuries would result from his acts or omissions. Id.; Marshall v. Pérez Arzuaga, 828 F.2d 845, 849 (1st Cir. 1987) (citing Jimenez v. Pelegrina, 112 P.R. Dec. 881, 885 (1982)). In premises liability cases such as this one, the Puerto Rico Supreme Court has concluded that "the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons." Cline v. Puerto Rico Ports Auth., 620 F. Supp. 2d 233, 237 (D.P.R. 2008) (citing Hernández-López, 117 P.R. Dec. at 104)). To prove that a business owner breached that duty, a plaintiff must show that the defendant had actual or constructive knowledge of a hazardous or dangerous condition on his premises that more likely than not caused the damages to the plaintiff. Vázquez-Filippetti, 504 F.3d at 50; Cotto v. C.M. Ins. Co., 416 P.R. Offic. Trans. 786, 793-94, 116 D.P.R. 644 (1985). "[T]o establish constructive knowledge, a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy." Carlo-Blanco v. Inmobiliaria Comercial, Inc., No. CIV. 12-1978 PAD, 59 F. Supp. 3d 399, 2014 U.S. Dist. LEXIS 136580, 2014 WL 4805101, at *3 (D.P.R. Sept. 26, 2014).

In the case of hotels, the Courts have consistently held that **"[a] guest staying at a hotel expects the latter to take all necessary security measures to avoid foreseeable risks."** *Kaden v. Wyndham El Conquistador Resort & Country Club,* No. 02–1547(PG), 2005 WL 1949694, at *7 (D.P.R. August 15, 2005).

Caribe Hilton, as owner of the hotel, had a duty to prevent injuries to guests like plaintiffs. Caribe Hilton breached this duty through its negligent accts and omisions. The negligence of

Defendants, in addition to that hereinabove alleged, consisted of: a. Failure to warn of the dangerous condition on the premises; b. Failure to eliminate the dangerous conditions on the premises; c. Failure to replace the defective bullnose paver; d. Improperly installing the bullnose paver; e. Among other negligent acts, omissions, and breaches of duties which will be proved at trial. Caribe Hilton had actual and constructive knowledge of these dangerous conditions which ultimately caused plaintiffs'' injuries.

**B. Defendants Hilton International of Puerto Rico, Inc., Puerto Rico Caribe Lessee, LLC, Park Hotels & Resorts, Inc., and Chubb Insurance Company.**

 Plaintiffs claim that on February 6, 2021, Crystal Silvas suffered an accident in the pool area of The Caribe Hilton Hotel. They claim that her accident was due to stepping on a loose paver by a hot tub, which caused her to lose her footing and fell over an unidentified guest. Upon notification of the incident, Hotel personnel procured medical attention for Ms. Sylvas, who rejected visiting a hospital because she was scheduled to travel back to her home state on that date. Plaintiffs claim the appearing defendants were negligent in affording proper maintenance to the pools and adjacent areas.

On February 6, 2021 Caribe Hilton had in place a service agreement with Pool & Spa Technicians, corporation dedicated to affording maintenance to pools in Puerto Rico. As part of their duties, Pool & Spa was obligated to perform multiple maintenance tasks, some of them on daily and weekly basis, and maintain employees daily providing service. Additionally, Hotel personnel are constantly monitoring the property to maintain them clean and free of hazardous conditions. If they or anyone in the hotel learned of any hazardous condition, they are to alert the Housekeeping or Engineering Department, so they can solve the situation as soon as practicable. The condition which plaintiffs claim caused Ms. Silvas' accident was unknown to the Hotel, despite the maintenance afforded to the pool and adjacent areas.

### Applicable law in Puerto Rico

"The Supreme Court of Puerto Rico has repeatedly stated that courts in Puerto Rico must always look to the Civil Law. Only in the absence of any guidance therefrom should a court look to the common-law for persuasive authority." Chapman v. E.S.J. Towers, Inc., 803 F. Supp. 571, 574 (D.P.R.1992), citing Valle v. American International Insurance Co., 108 D.P.R. 692, 696-97 (1979). This being a diversity action, the Court is bound by such rule of substance. See Erie v. Tompkins, supra.

Article 1536 of the Puerto Rico Civil Code of 2020 states that "[a] person who by an act or omission causes damage to another through fault or negligence." 31 L.P.R.A. § 10801. This article is equivalent to Article 1802 of the Civil Code of Puerto Rico, P.R. Laws Ann. Tit. 31, § 5141, under which Puerto Rico torts case law has been developed. Puerto Rico torts case law states that there are three elements for a tort claim: (1) a negligent or intentional act or omission; (2) damages; and (3) a causal nexus between the damages and the defendant's act or omission." See Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43 (1st Cir. 2007); Torres v. Kmart, Corp., 233 F. Supp.2d 273 (2002). Per article 1545, if the injured party has incurred in fault or negligence, their indemnity shall be reduced per the degree of their fault or negligence. 31 L.P.R.A. § 10810.

In cases alleging liability due to the existence of dangerous or hazardous conditions, the Supreme Court of Puerto Rico has held that before liability may be imposed on a premises owner, the plaintiff must first prove (1) the existence of a dangerous condition and (2) that said dangerous condition was known by the premises owner. Colon v. Plaza Las Americas, 136 D.P.R. 235 (1994); Malave v. Hospital de la Concepcion, 100 D.P.R. 55 (1971), y Gonzalez Ivankovitch v. Las Americas Profesional Center, 103 D.P.R. 89 (1974); Cotto v. CM Insurance Corp., 116 D.P.R. 644

(1985). The burden of proof on all elements of the prima facie case will be on the plaintiff, including the existence of the alleged dangerous condition and that defendant knew of its existence.

A plaintiff may not rest on the mere happenstance of an accident to support a finding of liability, as the res ipsa loquitur doctrine has been abolished in Puerto Rico. Bacó vs Almacén Ramón Rosa Delgado, 151 D.P.R. 711 (2000). In fact, the mere occurrence of a fall is not indicative of the existence of a dangerous condition. As the Puerto Rico Supreme Court has acknowledged, a "[plaintiff's] fall doesn't necessarily nor ordinarily has to happen because there is a dangerous condition inside the referred establishment or because of a negligent act attributable to defendants, in other words, a person can slip and fall while walking without there being involved negligence from a person." Cotto Guadalupe v. C. M. Insurance Co., 116 DPR 644 (1985) (emphasis added, translation ours). Moreover, the existence of a dangerous condition alone is not sufficient to impose liability. Even if plaintiff can establish negligence, the plaintiff must also prove that the negligent act of the defendant caused his damages. See Jiménez v. Pelegrina, 112 D.P.R. 700 (1982). Liability will attach only when the defendant's negligence is the proximate cause of the damages. Widow of Delgado v. Boston Insurance Co., 99 D.P.R. 714 (1971).

The mere fact that the incident happened does not render the hotel liable. After all, an innkeeper is not an insurer of its guests' safety. Pabon Escapi, 90 D.P.R. 20, 25 (1964), citing Goose v. Hilton Hotels, 79 D.P.R. 523 (1956). Moreover, under Puerto Rico law, a person is not held liable for all the possible consequences of his negligent acts. Rivera v. Pueblo, 76 P.R.R. 378, 383 (1954) (quoting Figueroa v. PR Ry., Light & P. Co., 66 D.P.R. 463, 470 (1954)). The negligent actor can only be responsible for those consequences that appear to be a natural and probable cause of his acts or omissions, that is, those that are foreseeable in a general sense. Concepcion v. Pepsi Cola of P.R., 288 F.Supp.2d 167, 173 (D.P.R. 2008), referring to Tormos Arroyo v. DIP, 140

D.P.R. 265, 276 (1996) (in turn citing <u>Gines Melendez v. Autoridad</u>, 86 P.R.R. 490 (1962));

<u>Miranda v. E.L.A.</u>, 137 D.P.R. 700, 707 (1994); Santos Briz, Jaime, *Comentarios al Codigo Civil*

*y Compilaciones Forales*. The consequences of a negligent act that must be foreseen are those

within the range of probability and not of possibility. <u>Rivera v. Pueblo</u>, 76 D.P.R. 378 (1954). In

other words, it does not mean that a person has to foresee and prevent all possible risks or damages,

because that would imply strict liablity. <u>Pacheco v. AFF</u>, 112 D.P.R. 296 (1982). The duty to

foresee does not extend to all imaginable dangers that could threaten the security of a person, but

only those that are probable to occur. <u>Hernández v. Gobierno de la Capital</u>, 81 D.P.R. 1031 (1960).

In Puerto Rico, the doctrine of *adequate causality* ("causalidad adecuada") controls tort

law, and pursuant to it, the only "cause" that generates civil liability is a condition which ordinarily

produces, according to the general experience, an injury. <u>Elba A.B.M. et al. v. U.P.R.</u>, 125 D.P.R.

294 (1994). Under the theory of adequate cause, the issue is reduced to determining if the

occurrence of the damage was to be expected in the normal course of events or, on the other hand,

it is left out from every possible calculation. <u>Cárdenas Maxán v. Rodríguez Rodríguez</u>, 125 D.P.R.

702, 710 (1990). "Cause" is not any condition incapable of partially or totally generating the harm

suffered.  <u>Arroyo v. E.L.A.</u>, 126 D.P.R. 682 (1990); <u>Sociedad v. González Padín</u>, 117 D.P.R. 94

(1986). Furthermore, "cause" is not so expansive so as to encompass all conditions absent which

the result would not have been produced.  <u>Colón Pérez v. Televicentro de P.R.</u>, 175 D.P.R. 690

(2009). The question is whether the defendant could foresee that its action or omission could cause

the type of injury that resulted.  <u>Id</u>.

To recover mental anguish damages, plaintiff is required to establish that in " 'some

appreciable measure [her] health, welfare and happiness ... were really affected,'" <u>Ruiz-Rodriguez</u>

<u>v. Colberg-Comas</u>, 882 F.2d 15, 17 (1st Cir. 1989) (quoting <u>Moa v. Commonwealth</u>, 100 P.R.R.

572, 585- 86 (1972)), and they experienced " 'deep moral suffering and anguish, and [not merely] a passing affliction,' " De Jesus v. Eastern Air Lines, Inc., 708 F.Supp. 470, 472 (D.P.R. 1989). Accordingly, plaintiffs' claims for mental anguish must be evaluated on the basis of: (1) the severity of the pain suffered; (2) its duration; and (3) its mental consequences. To determine the reasonable value of pain and suffering, plaintiffs must produce evidentiary factors to fairly and equitably evaluate them, proving that they are not a simple passing sorrow, but that plaintiffs' well being and happiness were really affected. Ramos Rivera v. E.L.A., 90 D.P.R. 828 (1964).

In sum, moral damages may only be compensated if it is shown how the health, welfare, and happiness of the plaintiff were really affected by the accident. Lopez Nieves v. Marrero Vergel, 939 F.Supp. 124 (D.P.R 1996); Santiago v. Canon U.S.A., Inc., 138 F.3d 1 (1st Cir. 1998). That is not to say that all moral damages are recoverable.

**Plaintiffs have burden to prove a claim**

To recover on a negligence theory, a plaintiff suing for personal injuries must demonstrate (1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4) a causal connection between the damage and the tortuous conduct. Id. Under Puerto Rico law, a legal duty arises in one of three ways: (1) by statute, regulation, ordinance, by law or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation. See De-Jesus-Adorno v. Browning Ferris Indus., 160 F.3d 839 (1st Cir. 1998). The burden of proof on all elements of the prima facie case is on the plaintiff, including the existence of the alleged dangerous condition and that defendant knew of its existence.

In this case, there is no proximate cause or efficient cause between defendants' alleged negligent acts or omissions and the damages claimed by plaintiff. Plaintiff's cervical condition

13

was not caused by her fall, but rather, by a progressive, degenerative process that developed over several years.

Defendant incorporates by reference its responsive pleading and affirmative defenses

## IV. JURISDICTIONAL ISSUES

### A.  PLAINTIFF

There are no jurisdictional issues that we are aware of at this moment.

### B.  <u>Defendants Hilton International of Puerto Rico, Inc., Puerto Rico Caribe Lessee, LLC, Park Hotels & Resorts, Inc., and Chubb Insurance Company.</u>

No jurisdictional issues have been identified at this date.

## V.   CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE

### A.  PLAINTIFF

Plaintiff consent to proceed before a Magistrate Judge.

### B.  <u>Defendants Hilton International of Puerto Rico, Inc., Puerto Rico Caribe Lessee, LLC, Park Hotels & Resorts, Inc., and Chubb Insurance Company.</u>

Defendants does not consent to jurisdiction to proceed before a Magistrate Judge.

## VI.   COMPLIANCE WITH INITIAL DISCLOSURES

### A.    PLAINTIFF

Plaintiffs provided their initial disclosures.

### B.    <u>Defendants Hilton International of Puerto Rico, Inc., Puerto Rico Caribe Lessee, LLC, Park Hotels & Resorts, Inc., and Chubb Insurance Company.</u>

Defendant has provided its initial disclosures.

## VII. ELECTRONIC DISCOVERY ISSUES

There are none at this time.

## VIII. DISCOVERY TIMETABLE

<u>The Parties propose to adhere to the following schedule:</u>

| MONTH/DAY/YEAR | DESCRIPTION |
|---|---|
| June 30, 2022 | The Parties shall furnish their initial disclosures pursuant to Rule 26, Fed. R.Civ.P. The Parties are under a continuing obligation to furnish supplements within ten (10) days of receipt or other notice of new, additional, corrective, or revised information. |
| June 30, 2022 | Deadline to notify written discovery requests [Interrogatories, Request for Production of Documents, or Requests for Admissions]. |
| August 15, 2022 | Deadline to answer the written discovery requests [Interrogatories, Request for Production of Documents, or Requests for Admissions]. |
| September 15, 2022 | Plaintiff shall disclose experts, expert witness summaries and reports, as required by Rule 26(a)(2), Federal Rules of Civil Procedure. |
| December 15, 2022 | Defendant shall disclose experts, expert witness summaries and reports, as required by Rule 26(a)(2), Federal Rule of Civil Procedure. |
| March 30, 2023 | Deadline for taking depositions of fact witnesses and expert witnesses, and conducting any other discovery. This is the discovery deadline. |
| April 30, 2023 | Deadline to file dispositive motions. |
| May 31, 2023 | Deadline to oppose dispositive motions. |

## IX.    RELATED CASES

None.

## X. OTHER MATTERS

The parties propose dispositive motions be filed no later than April 30, 2023, with oppositions due May 31, 2023. The case would be ready for a pretrial conference and trial once the court has had an opportunity to evaluate any dispositive motions.

**WHEREFORE,** it is respectfully requested that this Honorable Court take notice of the filing of the Parties' Joint ISC Memorandum in compliance with this Honorable Court's orders at DN 12.

**RESPECTFULLY SUMBITTED.**

In San Juan, Puerto Rico this 17th of June 2022.

| Attorneys for Defendants | Attorneys for Plaintiff |
|---|---|
| **S/HÉCTOR MÁRMOL LANTIGUA**<br>HÉCTOR MÁRMOL LANTIGUA<br>Bar No.: 225404<br><br>**S/FRANCISCO E. COLÓN-RAMÍREZ**<br>FRANCISCO E. COLÓN-RAMÍREZ<br>BAR NO.: 210510<br>E-mail: fecolon@colonramirez.com<br>**COLÓN RAMÍREZ LLC**<br>PO Box 361920<br>San Juan, PR 00936-1920<br>Tel.: (888) 760-1077 | **RIVERA-ASPINALL, GARRIGA & FERNANDINI, PSC**<br>1647 Adams St.<br>Summit Hill<br>San Juan, PR 00920-4510<br>787-792-8644<br>Fax: 787-792-6475<br><br>**S/EDUARDO R. JENKS CARBALLEIRA**<br>EDUARDO R. JENKS CARBALLEIRA<br>USDC PR NO. 300110<br>Email: edjenks@yahoo.com<br><br>**S/JULIÁN R. RIVERA-ASPINALL**<br>Julián R. Rivera-Aspinall<br>USDC PR NO. 208506<br>Email: aspinall@ragflaw.com |