IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Crystal Michelle Silvas, Paul Andrew Silvas and the conjugal society formed by both<br><br>    Plaintiffs<br><br>v.<br><br>Hilton International of Puerto Rico, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC.; CHUBB INSURANCE COMPANY; POOL & SPA TECHNICIANS CORP., X CORP; Y and Z INSURANCE Companies<br><br>    Defendants | CIVIL NO.21 cv 01597 - RAM<br><br><br>Plaintiffs demand Trial by Jury |

**AMENDED COMPLAINT**

**TO THE HONORABLE COURT:**

**COME NOW** the plaintiffs Crystal Michelle Silvas, Paul Andrew Silvas and the conjugal society formed by both and before this Honorable Court respectfully allege and pray as follows:

**I.   THE PARTIES**

1. Plaintiffs Crystal Michelle Silvas and Paul Andrew Silvas, are both of legal age, married to each other and domiciled in the State of North Carolina.

2. Through marriage, Crystal and Paul are the members of the Silvas conjugal society formed by both.

3. Defendant, Hilton International of Puerto Rico, LLC, (Hereinafter referred to as "Hilton PR.") is a limited liability company registered in the State of Delaware that is the owner of a Puerto Rico hotel known as The Caribe Hilton, located at No. 1 San Geronimo Street, San Juan, Puerto Rico.

4. Defendant, Puerto Rico Caribe Lessee, LLC (" Caribe Lessee") is a Delaware Limited Liability Company that is the Lessee and/or operator and/or manager of the Caribe Hilton Hotel. The ultimate parent company of Caribe Lessee is co-defendant Park Hotels and Resorts, Inc.

5. Defendant, Park Hotels & Resorts, Inc., (hereinafter "Park Hotels") is one of the largest publicly traded real estate investment trusts. It is registered as a Delaware Corporation and is the owner of various companies, to include the companies that own, manage and operate the Caribe Hilton Hotel, to include its real estate.

6. It is Park Hotels the entity that ultimately earns the profits of all of its hotel operations, to include the Caribe Hilton Hotel, and thus, it is also responsible to the plaintiffs as further described below.

7. All of the above-named defendants will be addressed collectively as the "Caribe Hilton Defendants".

8. CHUBB Insurance Company Upon information and belief, (Hereinafter referred to as "CHUBB") is an insurance carrier duly authorized to underwrite insurance policies and transact the business of insurance in Puerto Rico, that had issued one or more insurance policies in favor of one or more of the named Caribe Hilton defendants to cover events and damages as described in this complaint, as per the coverage and limitations provided by the insurance policies in effect at the time of the accident described in this complaint.

9. By information and belief, at the time of the accident as described in this complaint, co defendant Pool & Spa Technicians Corp, (hereinafter "Pool & Spa") is a Puerto Rico corporate entity with principal offices also located in Puerto Rico, that had a maintenance contract with the "Caribe Hilton Defendants" to provide maintenance and other related services to

the Caribe Hilton hotel, including the swimming pool area where the accident described in this complaint took place.

10. X CORP, is the fictitious name utilized to denominate another corporate entity that together with the rest of the defendants is also responsible for the accident described in this complaint and all damages caused to the plaintiffs to suffer. Once its identity is known, the complaint may be amended to substitute and properly name said unknown defendant.

11. Y and Z INSURANCE are the fictitious names used to denominate one or more insurance companies that at the time of the occurrence of the event described in this complaint had issued and had in effect one or more insurance policies to cover the liability or excess liability of one or more of the Caribe Hilton defendants in this action and/or the liability of "Pool & Spa" and X Corp defendants.  Once their identities are known, the complaint may be amended to substitute the fictitious names with the proper names of said insurance company defendants.

## JURISDICTION AND VENUE

12. This Court has jurisdiction pursuant to 28 U.S.C., Section 1332(a)(1) because this is an action for damages between citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of interest, costs, and attorney's fees.

13. Pursuant to 28 U.S.C., Section 1391(a)(2), venue of this action is proper in this district because the events, acts or omissions giving rise to the claims occurred in Puerto Rico.

**FACTS**

14. Plaintiffs Crystal Michelle Silvas and her husband Paul Andrew Silvas were paying hotel guests at the Caribe Hilton Hotel from late January until February, 6th, 2021.

15. On February 6th, 2021 around 1PM, Crystal was walking towards the outdoor jacuzzi, next to the swimming pool area.

16. She stepped on one of the pavers (bullnose tile) bordering the jacuzzi, the paver ceded and/or crumbled underneath falling into the jacuzzi, and causing Crystal to fall as well into the jacuzzi, hitting her head and neck abruptly against the upper body of another hotel guest who was inside the hot tub.

17. Because of the abrupt fall, she suffered a contusion and immediately excruciating, sharp and intense pain in her neck and spine area. Paramedics were called and proceeded to evaluate her. She returned home that same day.

18. Upon returning to North Carolina, she immediately went to the Emergency Room for evaluation and treatment. She was initially diagnosed with suffering from a contusion and whiplash,

and was referred to an orthopedic doctor and spine specialist for further medical evaluation.

## LIABILITY OF THE DEFENDANTS

19. All the Caribe Hilton defendants are considered Innkeepers under Puerto Rico law. As Innkeeper's and as per Puerto Rico law, the Caribe Hilton defendants have and owe a heightened duty of care towards guests.

20. As Innkeeper's, owners, operators and managers of the hotel facilities, the Caribe Hilton defendants are required to maintain all its hotel premises in such condition so that their guests do not suffer injuries due to negligence of the Innkeeper and/or the hotel premises.

21. As per the following averments, the Caribe Hilton defendants and their employees, and the "Pool & Spa" defendants and their employees, were negligent in not identifying a dangerous condition and in not providing adequate maintenance and proper repair to the pavers surrounding the jacuzzi area to remedy the dangerous condition that loose and worn pavers without proper grout represented, prior to the accident narrated in this complaint.

22. The Caribe Hilton hotel, after the terrible consequences and destruction caused by Hurricane Maria, shut down

hotel operations and underwent repairs, remodeling and improvements.

23. By information and/or belief, The Caribe Hilton defendants invested over 140 million dollars in the renovation of certain hotel facilities before renewing hotel operations, and conducted publicity and marketing campaigns in order to attract paying guests like the Silvas family.

24. Focusing on generating profits instead of ensuring that all facilities were in top condition and proper repair and working order and safe for hotel guests, they resumed hotel operations.

25. By information and/or belief, The Caribe Hilton defendants and their employees provided regular and/or daily maintenance service to the swimming pool, to include the jacuzzi area next to the swimming pool, directly and through the use of the "Pool & Spa" defendants and its employees, yet they were lax and careless in monitoring, identifying, maintaining, reporting and correcting defects in the jacuzzi area.

26. By information and believe, the Caribe Hilton hotel defendants and their employees, and the "Pool & Spa" defendants new the condition of disrepair of the swimming pool area, to include the jacuzzi, and that repairs and maintenance were needed to be conducted to the tiles surrounding the jacuzzi next to the

hotel swimming pool, since some tiles were loose and grout had eroded prior to the accident mentioned in this complaint. Yet, they were negligent and failed to report, act, correct or remedy the dangerous condition until this tragic accident happened.

27. The loose pavers around the jacuzzi were a dangerous condition present and detectable for many months prior to the accident, not only by the hotel swimming pool employees and the hotel management, but also by the hotel engineering and maintenance staff and the "Pool & Spa" defendants and their employees.

28. Yet, the Caribe Hilton Hotel and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, failed to properly inspect, monitor and act, by failing to provide adequate maintenance and upkeep and needed repairs, allowing a dangerous condition to worsen and to remain in the jacuzzi area, an area used daily by their paying guests, or by failing to require the "Pool & Spa" defendants to repair the area.

29. By information and/or belief, the "Pool & Spa" defendants and the Caribe Hilton Hotel and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, failed to properly report, inspect, monitor, act, and repair the lose pavers, allowing a dangerous condition to worsen

until the accident suffered by the plaintiffs occurred.  At the very least, the "Pool & Spa" defendants and their employees, should have alerted the Caribe Hilton defendants of the dangerous condition present around the jacuzzi.

    30.  By information and/or belief, the "Pool & Spa" defendants were also lack and careless in either not reporting the dangerous condition present to the "Caribe Hilton Defendants" and their employees, and/or in not fixing the loose tile dangerous condition present.  The "Pool & Spa" defendants, and the Caribe Hilton Hotel and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, failed to properly inspect, monitor, report, maintain, repair and act, by failing to provide adequate maintenance, and upkeep and needed repairs, allowing a dangerous condition to worsen and to remain in the jacuzzi area, an area used daily by their paying guests until the accident narrated in this complaint occurred.

    31.  It was foreseeable that hotel guests would be present in or around the jacuzzi area and that said guests would step on the tiles bordering the jacuzzi, yet the Caribe Hilton and the "Pool & Spa" defendants and their employees with gross disregard to the safety and well-being of hotel patrons like Crystal, intentionally and/or grossly neglected to report, correct,

maintain and repair the dangerous condition that loose tiles without adequate grout represented.

32. The intentional, lax and careless attitude of the Caribe Hilton defendants, the Pool and its employees to inspect, detect, carry out repairs and/or provide needed maintenance on a timely basis to the tiles surrounding the jacuzzi until an accident happened amounted to gross negligence.

33. As per the previous averments, all the Caribe Hilton defendants and their employees and the Pool & Spa defendants and their employees were grossly negligent and failed in carrying out their responsibility and obligations as Innkeepers and/or contractors, inspecting, correcting, repairing, and eliminating and/or fixing dangerous conditions.  Thus, all the Caribe Hilton defendants, the Pool & Spa defendants are thus jointly responsible for the accident suffered by Crystal Silvas and all the damages caused to Crystal, her husband, the conjugal society and her family.

**DAMAGES**

34. The fall suffered by Crystal Michelle Silvas on February 6th, 2021 caused her to suffer life changing catastrophic damages.

35. Prior to the accident, Crystal and her family enjoyed a very vigorous lifestyle, enjoying a number of activities, to

include home, outdoor and recreational activities. After the accident, her life, and the lifestyle that she enjoyed and enjoyed with her husband and family changed forever.

36. At the time of the accident, Crystal was 34 years of age and a very active person, working two jobs, enjoying her family and her husband. She was also an avid participant of several outdoor activities and pastimes at home and elsewhere. Crystal and her husband were also planning to adopt another child.

37. On February 6th, 2021 due to the negligence of the defendants and their employees, her life and that of her family changed instantly forever when she suffered the horrific accident.

38. When she returned home after the Caribe Hilton accident, she underwent medical evaluations and treatments for the intense pain that she was suffering because of the fall suffered at the Caribe Hilton.

39. Upon her return to North Carolina she complained of suffering intense pain in her neck and upper extremities.

40. She was initially diagnosed with suffering from left, upper extremity cervical radiculopathy and a hernia and prescribed a number of medications and treatments to include Non-steroidal anti-inflammatory medications, steroid tapers, muscle

relaxants, neuropathic medications, an epidural steroid injection, and physical therapy sessions. Her pain and symptoms continued.

41. The radiating pain was constant and continued and neurologic symptoms worsened. She was unable to raise her left arm significantly, suffered from lack of sleep, impeded from conducting household chores, engage in intimacy, care for her children and many other daily activities. She suffered from numbness and tingling and pain in her spine area, further affecting her life, causing further damages to her and her family. She was not even able to provide the same quality of affection to her children that they all enjoyed prior to the accident.

42. Since the pain continued, Crystal had to undergo an C5-C6 Anterior Cervical Discectomy Surgery in the month of July, 2021. After the surgery although her quality of life improved somewhat, she was never able to recover to her pain free pre accident state, nor the full quality of life she enjoyed prior to the accident.

43. Crystal Michelle Silvas, at present still complains of pain, suffers from mental anguish, distress and PTSD. She has permanent physical damages that will affect her for the rest of

her life. She has had to undergo a series of medical treatments, an operation and take medication.

44. Her intimacy with her husband has been affected. She has difficulty sleeping. She does not have the same type of mobility that she enjoyed prior to the accident. She is limited in the type of activities and duration of activities that she was able to perform prior to the accident and thus, with her family. She also suffers from depression, sadness, and severe emotional distress. She no longer enjoys nor can participate in various activities and pleasures of life that she was able to participate and perform prior to the day of the accident, to include activities with her husband, family, and friends.

45. Her quality of life and the life with her husband and children has been severely affected. She is very sad, frustrated and disappointed in that she is not able to participate and carry out several activities nor to give the same type of support, attention, love and affection to her family and husband that she was able to provide prior to the accident. She even had to desist from her family plans of adopting another child.

46. All her past, present, and future physical and mental anguish damages, to include hedonic damages suffered due to the negligence of the defendants are compensable as per the Civil Code of Puerto Rico.

47. All her physical and mental anguish damages to include hedonic damages are reasonably estimated in a sum in excess of $3,000,000.00.

48. Her husband Paul Andrew Silvas has also been affected by this accident.  Since the accident he has been very worried for his wife.  He is saddened due to the pain that his wife is suffering, a pain that has also impacted the daily activities that he enjoyed with his wife and family members.  Intimacy with his wife has also been affected.  He is very sad and disappointed that the plans that Crystal and him had of adopting another child had to be cancelled.  The life that he enjoyed with Crystal and the rest of the family members before the day of the accident changed forever because of the gross negligence of the Caribe Hilton defendants.

49. All his mental anguish damages because of the accident described in this complaint are reasonably estimated in a sum in excess of $500,000.

50. At the time of the accident, Crystal had two jobs that provided significant financial support for her family.  Because of the accident, she is no longer able to work the same amount of time that she was able to work prior to the accident.

51. Because of the accident caused by the gross negligence of the defendants, she has been forced to quit a business that

she started and is now limited in the amount of time that she can dedicate to income producing activities and thus, to the income that she can contribute. Her income earned, and thus the income of the conjugal society formed by both, has decreased dramatically.

52. Her economic damages and thus the damages suffered by the conjugal society that she has with her husband, because of the negligent acts of the defendants are estimated in a sum in excess of $1,000,000.

53. Crystal and her family because of the negligent acts of the defendants as described in this complaint, have been caused to incur and will have to incur in additional economic unwanted expenses that they would not have incurred if not for the accident. Said expenses are reasonably estimated in a sum in excess of $50,000 that the defendants also owe to the plaintiffs.

54. All of the named Defendants and their employees because of the gross negligence as per the dispositions of the new Civil Code of Puerto Rico regarding damages, direct and vicarious liability, are jointly and severally liable to the Plaintiffs for all of the damages caused.

55. Under the provisions of Article 1536 of the Civil Code of Puerto Rico, all plaintiffs are entitled to be compensated

jointly from the defendants for all damages caused to suffer because of negligence as alleged in this complaint.

56. Pursuant to Article 1538 of the Civil Code of Puerto Rico, plaintiffs request that the total amount of compensation awarded by a jury be doubled, if a jury determines, based on the factual and evidence presented at trial, that one or more of the Caribe Hilton defendants and/or their employees acted or failed to act knowingly, intentionally and with gross disregard to the safety and well-being of the Crystal Silvas and her family members.

57. Named defendant CHUBB, by information and/or belief, had in effect one or more insurance policies covering one or more of the defendants at the time of the accident and/or providing also excess insurance coverage. By virtue of the insurance policy in effect and/or other insurance policies that may have been in effect, Chubb Insurance is also directly responsible to the plaintiffs for all damages suffered, up to the insurance coverage limits provided as per the insurance policies in effect at the time of the accident, to include excess coverage insurance policies.

58. Plaintiffs demand trial by jury as to all claims asserted herein.

**WHEREFORE,** the Plaintiffs request the entry of judgment in their favor and against all Defendants condemning them to pay jointly and severally all the damages and amounts claimed herein, together with interest, costs, and attorney's fees and if granted by a jury, for double the compensation as per Article 1538 of the Civil Code of Puerto Rico.

**WE HEREBY CERTIFY:** that on this same date, I electronically filed the foregoing amended complaint with the Clerk of the Court using the Court's CM/ECF system, which will send notice of its filing electronically to the attorneys of record.

In San Juan, Puerto Rico this 30th day June, 2022.

**RESPECTFULLY SUBMITTED.**

>  **Rivera-Aspinall, Garriga
>  & Fernandini, PSC**
>  Attorneys for Plaintiffs
>  1647 Adams St., Summit Hills
>  San Juan, Puerto Rico   00920
>  Tel. (787) 792-8644
>  Fax (787) 792-6475
>  E-Mail:  aspinall@ragflaw.com
>
>  **S/Julián R. Rivera-Aspinall**
>  Julián R. Rivera-Aspinall, Esq.
>       USDC/PR 208506