IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRYSTAL MICHELLE SILVAS, PAUL ANDREW SILVAS, AND THE CONJUGAL SOCIETY FORMED BY BOTH,<br><br>**Plaintiffs**,<br><br>v.<br><br>HILTON INTERNATIONAL OF PUERTO RICO, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC; CHUBB INSURANCE COMPANY; POOL & SPA TECHNICIANS, CORP.; X CORPORATION; Y AND Z INSURANCE COMPANIES,<br><br>**Defendants**. | CIVIL NO. 21-1597 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Motion for Partial Summary Judgment* ("*Motion*") and *Supporting Statement of Material Facts* ("*SSMF*") filed by Defendants Hilton International of Puerto Rico, LLC.; Park Hotels & Resorts, Inc.; and Chubb Insurance Company (collectively, "Defendants"). (Docket No. 48). For the reasons discussed below, having considered the parties' submissions regarding the same, the Court hereby **DENIES** Defendants' *Motion*.

I. **PROCEDURAL BACKGROUND**

On December 10, 2021, Plaintiffs Crystal Michelle Silvas ("Ms. Silvas"), Paul Andrew Silvas, and the conjugal partnership between them (collectively, "Plaintiffs") filed a *Complaint*

against Defendants. (Docket No. 1). Subsequently, Plaintiffs filed an *Amended Complaint* on June 30, 2022, adding Pool & Spa Technicians Corp. as a co-defendant.[1] (Docket No. 14). Plaintiffs allege that on February 6, 2021, Ms. Silvas stepped on a paver bordering a jacuzzi pool in the Caribe Hilton hotel, where she and her family were guests. Id. ¶¶ 14-16. The paver gave way, and Ms. Silvas fell into the jacuzzi, injuring her head and neck. Id. ¶ 16. Accordingly, Plaintiffs now bring suit for damages, including—as relevant here—the loss of income due to Ms. Silvas' injury. Id. ¶¶ 50-52.

Defendants filed their *Motion* and accompanying *SSMF* on September 1, 2023. (Docket No. 48). They seek to only dismiss the claim for loss of income because they aver that Plaintiffs' own medical expert has stated that Ms. Silvas can still work. Id. Plaintiffs filed a *Response in Opposition*, accompanied by an *Opposing Statement of Material Facts* ("*OSMF*") and *Counterstatement of Material Facts* ("*CMF*"), and Defendants filed a *Reply* containing a *Reply Statement of Material Facts* ("*RSMF*"). (Docket Nos. 55, 56 at 1-3, 56 at 3-5, 65, and 65-1, respectively).

---

[1] Co-defendant Pool & Spa Technicians Corp. has filed a separate motion for summary judgment. (Docket No. 49). That motion is addressed in a separate ruling.

## II. LEGAL STANDARD

Summary judgment is proper under Fed. R. Civ. P. 56(a) if a movant shows "no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citation and quotation marks omitted). A fact is considered material if it has "the potential to 'affect the outcome of the suit under governing law.'" Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986)).

The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 52, 62 (1st Cir. 2020) (citation omitted). "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). However, it "cannot merely 'rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the evidence of an authentic dispute.'" Feliciano-Muñoz, 970 F.3d at 62 (quoting McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)).

The nonmovant similarly cannot rely on "conclusory allegations, improbable inferences, and unsupported speculation" to defeat summary judgment. River Farm Realty Tr. v. Farm Family Cas. Ins. Co., 943 F.3d 27, 41 (1st Cir. 2019) (citation and quotation marks omitted).

### III. FINDINGS OF FACT

To make findings of fact, the Court analyzed Defendants' *SSMF*, Plaintiffs' *OSMF* and *CMF*, and Defendants' *RSMF* (Docket Nos. 48-1, 56 at 1–3, 56 at 3-5, and 65-1, respectively). In doing so, the Court notes the Defendants' objections to the inclusion of self-serving hearsay evidence, particularly Ms. Silvas' discussion of her employment at Silvas Logistics. (Docket Nos. 65 at 2 and 65-1 at 3-11). "It is black-letter law that hearsay evidence cannot be considered on summary judgment." Dávila v. Corp. De P.R. Para La Difusión Pública, 498 F.3d 9, 17 (1st Cir. 2007); *see* Fed. R. Civ. P. 56(e) (requiring parties to properly support an assertion of fact). Hearsay is an out-of-court statement offered for the truth of the matter asserted. Bonner v. Triple-S Mgmt. Corp., 68 F.4th 677, 689 (1st Cir. 2023) (citing Fed. R. Evid. 801(c)). However, "provided that the nonmovant's deposition testimony sets forth specific facts, within his [or her] personal knowledge, that, if proven, would affect the outcome of the trial, the testimony **must be accepted as true** for purposes of summary judgment." Velazquez-

Garcia v. Horizon Lines of Puerto Rico, Inc., 473 F.3d 11, 18 (1st Cir. 2007) (citations omitted and emphasis added); *see also* Rowan v. Pierce, 2023 WL 5672575, at *3-*4 (D.P.R. 2023) (discussing consideration of self-serving hearsay statements when deciding a motion for summary judgment). Accordingly, Defendants' objections to the portions of Ms. Silvas' deposition testimony based on her own experiences and personal knowledge are **denied.**

Defendants further object to the inclusion of instructions by Ms. Silvas' physicians that she was not to work long hours after her injury, on the grounds that those remarks are inadmissible hearsay. (Docket No. 65-1 at 9). However, "[o]ut-of-court statements offered not to prove the truth of the matter asserted but merely to show context—such as a statement offered for the limited purpose of showing what effect the statement had on the listener—are not hearsay." United States v. Cruz-Diaz, 550 F.3d 169, 176 (1st Cir. 2008) (citing United States v. Bailey, 270 F.3d 83, 87 (1st Cir. 2001)). Since Ms. Silvas' recitation of her physicians' instructions was in the context of explaining why she shut down Silvas Logistics, those statements are admissible as non-hearsay and Defendants' objections are **denied.** *See, e.g.*, Rivot-Sanchez v. Warner Chilcott Co., Inc., 707 F. Supp. 2d 234, 261 (D.P.R. 2010) (admitting a doctor's statements to plaintiff for their effect on the listener).

Civil No. 21-1597 (RAM)                                                    6

After **only crediting material facts** that are **properly supported by a record citation and uncontroverted,** the Court makes the following findings of fact[2]:

1. Plaintiffs retained Dr. Carlos Grovas-Badrena ("Dr. Grovas") as a medical expert. (Docket No. 48-2 at 2).

2. Dr. Grovas is an orthopedic surgeon who is certified by the American Board of Independent Medical Examiners. (Docket No. 48-3 at 1). He is also certified in the evaluation of disability and impairment rating. Id.

3. On August 1, 2022, Dr. Grovas conducted a physical examination and interview of Ms. Silvas. (Docket Nos. 48-2 at 6-7 and 48-4 at 17). He also reviewed her medical records. (Docket No. 48-2 at 2-5).

4. Dr. Grovas opined that Ms. Silvas has an eight percent (8%) whole person impairment. Id. at 8.

5. Although Dr. Grovas did not perform a vocational evaluation of Ms. Silvas, he stated that he believed Ms. Silvas could definitely work given her percentage of impairment. (Docket No. 48-4 at 48).

6. Ms. Silvas currently works full-time at Filters Fast, where she has been employed since 2020. (Docket No. 48-5 at 21-22).

---

[2] References to a Finding of Fact shall be cited as follows: (Fact ¶ _).

7. On February 6, 2021, the date of Ms. Silvas' fall in the Caribe Hilton jacuzzi, her salary at Filters Fast amounted to $60,000 per year. Id. at 99-100.

8. At that time, Ms. Silvas also worked for Silvas Logistics, a single-member limited liability corporation that she started between 2018 and 2019. Id. at 32.

9. Her income from Silvas Logistics amounted to approximately $40,000 per year and she estimated that she would be on track to earn $60,000 from Silvas Logistics in 2021. Id. at 120.

10. Ms. Silvas stated that she shut down Silvas Logistics sometime in 2021, after the February 6, 2021 accident. Id. at 33-34, 124.

11. Ms. Silvas was later promoted by Filters Fast in September 2022, and her salary increased to $100,000 per year as of April 17, 2023, the date of her deposition in this case. (Docket No. 48-5 at 2, 22-23).

## IV. ANALYSIS

Defendants argue that the Court should dismiss Plaintiffs' claim for loss of income[3] because Ms. Silvas can still work. (Docket No. 48 at 1-2). In support of this argument, Defendants aver that

---

[3] The same doctrine is sometimes called *lucrum cessans* in Latin and *lucro cesante* in Spanish. *See* Ortiz-Lebron, 945 F. Supp. 2d 261, 262 n.1 (D.P.R. 2013) (providing etymology); Aponte-Dávila v. Mun. of Caguas, 2019 WL 3719605, at *2 (D.P.R. 2019) (discussing lost earnings and how they may be calculated).

Ms. Silvas cannot maintain a loss of income claim because she earns the same amount of money now that she did at the time of the accident. (Docket No. 65 at 4). In response, Plaintiffs note that Ms. Silvas' ability to work has been reduced, albeit not extinguished, and that she would have continued operating Silvas Logistics but for the February 6, 2021 accident. (Docket No. 55 at 3-4).

Under First Circuit precedent, a plaintiff must present evidence at trial that allows a jury to compare the hypothetical income of an uninjured plaintiff with a forecast of the injured plaintiff's earnings. Quinones-Pacheco v. Am. Airlines, Inc., 979 F.2d 1, 7 (1st Cir. 1992). Critically, it is the role of the jury to "reasonably determine" a plaintiff's pre- and post-injury potential earnings. Id. Although Defendants point repeatedly to Dr. Grovas' statement that Ms. Silvas can definitely work, they do not consider that, while Ms. Silvas currently earns the same salary she did on the date of the accident, there was an intervening time where she earned less, and perhaps she could be earning more but for the accident. These questions present genuine issues of material fact and are best reserved for a jury. See Aponte-Dávila, 2019 WL 3719605, at *6 (noting it is the jury's duty to make a determination of expected work-life and, therefore, impaired earning capacity); Williams v. Starwood Hotels & Resorts

Worldwide, Inc., 2014 WL 4260787, at *3 (D.P.R. 2014) (denying motion for partial summary judgment on a loss of income claim although plaintiff's salary remained the same after a slip-and-fall because determinations about earnings potential would depend on the weight of the evidence). Accordingly, Defendants' *Motion* is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Court finds and ORDERS that *Motion for Partial Summary Judgment* filed by Defendants Hilton International of Puerto Rico, LLC.; Park Hotels & Resorts, Inc.; and Chubb Insurance Company is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of February 2024.

s/Raúl M. Arias-Marxuach
UNITED STATES DISTRICT JUDGE