IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CRYSTAL MICHELLE SILVAS, PAUL ANDREW SILVAS, AND THE CONJUGAL SOCIETY FORMED BY BOTH,<br><br>**Plaintiffs**,<br><br>v.<br><br>HILTON INTERNATIONAL OF PUERTO RICO, LLC; PUERTO RICO CARIBE LESSEE, LLC; PARK HOTELS & RESORTS, INC; CHUBB INSURANCE COMPANY; POOL & SPA TECHNICIANS, CORP.; X CORPORATION; Y AND Z INSURANCE COMPANIES,<br><br>**Defendants**. | CIVIL NO. 21-1597 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is the *Consolidated Motion and Memorandum of Law in Support of Summary Judgment* ("*Motion*") and *Statement of Uncontested Material Facts* ("*SUMF*") filed by co-defendant Pool & Spa Technicians Corp. ("Defendant" or "Pool & Spa"). (Docket Nos. 49 and 50, respectively). For the reasons discussed below, having considered the parties' submissions regarding the same, the Court hereby **GRANTS** Defendant's *Motion*.

**I.   PROCEDURAL BACKGROUND**

On December 10, 2021, Plaintiffs Crystal Michelle Silvas ("Ms. Silvas"), Paul Andrew Silvas, and the conjugal partnership between them (collectively, "Plaintiffs") filed a *Complaint*

against co-defendants Hilton International of Puerto Rico, LLC.; Park Hotels & Resorts, Inc.; and Chubb Insurance Company. (Docket No. 1). Subsequently, Plaintiffs filed an *Amended Complaint* on June 30, 2022, adding Pool & Spa as a co-defendant.[1] (Docket No. 14). Plaintiffs allege that on February 6, 2021, Ms. Silvas stepped on a paver bordering a jacuzzi pool in the Caribe Hilton hotel, where she and her family were guests. Id. ¶¶ 14-16. The paver gave way, and Ms. Silvas fell into the jacuzzi, injuring her head and neck. Id. ¶ 16. Pool & Spa was included as a co-defendant because it was contracted to maintain and clean the pool area of the Caribe Hilton hotel. Id. ¶ 9.

Defendant filed its *Motion* and accompanying *SUMF* on September 1, 2023. (Docket Nos. 49 and 50). Pool & Spa argues it has no duty to Plaintiffs based on the limited terms of its contract with the Caribe Hilton hotel. (Docket No. 49 at 2). Defendant further claims that Plaintiffs have no evidence of any negligent acts and omissions attributed to Pool & Spa in the *Amended Complaint*. Id. at 2-3. Plaintiffs filed a *Response in Opposition*, accompanied by an *Opposing Statement of Material Facts* ("*OSMF*"), and Defendants

---

[1] Co-defendants Hilton International of Puerto Rico, LLC.; Park Hotels & Resorts, Inc.; and Chubb Insurance Company have filed a separate motion for partial summary judgment. (Docket No. 48). That motion is addressed in a separate ruling.

filed a *Reply* and a *Reply Statement of Material Facts* ("*RSMF*"). (Docket Nos. 53, 54, 63, and 64, respectively).

## II.  LEGAL STANDARD

Summary judgment is proper under Fed. R. Civ. P. 56(a) if a movant shows "no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." "A dispute is 'genuine' if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of the non-moving party." Thompson v. Coca-Cola Co., 522 F.3d 168, 175 (1st Cir. 2008) (citation and quotation marks omitted). A fact is considered material if it has "the potential to 'affect the outcome of the suit under governing law.'" Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000) (quoting Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986)).

The party moving for summary judgment "bears the initial burden of showing that no genuine issue of material fact exists." Feliciano-Muñoz v. Rebarber-Ocasio, 970 F.3d 52, 62 (1st Cir. 2020) (citation omitted). "The nonmovant may defeat a summary judgment motion by demonstrating, through submissions of evidentiary quality, that a trialworthy issue persists." Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006). However, it "cannot merely 'rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the evidence of an

authentic dispute.'" Feliciano-Muñoz, 970 F.3d at 62 (quoting McCarthy v. Nw. Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995)). The nonvmovant similarly cannot rely on "conclusory allegations, improbable inferences, and unsupported speculation" to defeat summary judgment. River Farm Realty Tr. v. Farm Family Cas. Ins. Co., 943 F.3d 27, 41 (1st Cir. 2019) (citation and quotation marks omitted).

### III. FINDINGS OF FACT

To make findings of fact, the Court analyzed Defendant's *SUMF*, Plaintiffs' *OSMF*, and Defendant's *RSMF* (Docket Nos. 50, 54, and 64, respectively). After **only crediting material facts** that are **properly supported by a record citation and uncontroverted,** the Court makes the following findings of fact[2]:

1. Pool & Spa executed a Services Agreement (the "Contract") with Puerto Rico Caribe Lessee LLC, doing business as the Caribe Hilton Hotel. (Docket No. 50-2).

2. The Services Agreement became effective April 1, 2019 for a term of one year ending on March 31, 2020. Id. at 5. Thereafter, the agreement would operate on a month-to-month basis unless otherwise specified. Id.

---

[2] References to a Finding of Fact shall be cited as follows: (Fact ¶ _).

3. The Scope of Work section of the Services Agreement contains several relevant provisions under the heading "Description of the Services." First, under the sub-heading "Pool Maintenance" the Services Agreement states:

> Provider agrees to provide daily maintenance to the pool and pool Jacuzzi's located at the Hotel. The following will be considered services included as part of the monthly service fee (program is for seven days a week):
>
> a. Vacuuming of the pool and Jacuzzi
> b. Administration of swimming pool chemicals
> c. Brushing pool and Jacuzzi walls to remove debris and any algae growth
> d. Verify filter pressures to assure when backwash or cartridge cleaning is required
> e. Skim water with net to remove any floating debris
> f. Cleaning of water lines tiles in Jacuzzis' and pools
> g. Test of the pool and Jacuzzi water to assure proper chemical balance (Chlorine, Ph, alkalinity, calcium, chlorine and Ph demand)
> h. Weekly record keeping of all the test results for each pool & Jacuzzi in logbook
> i. Check all pumps and skimmer baskets
> j. Maintain all pump rooms cleaned and organized
> k. NPSI certified technicians available

(Docket No. 50-2 at 5).

4. Next, a section with the sub-heading "Pool Deck Cleaning" provides that:

> Pool deck cleaning will include all coral tile floors, stair and edges including restaurant area not including grill area. Service will include cleaning with brush for trash removal, hosing and or pressure washing as needed. This service will be provided daily.

Id. at 6.

5. After a section regarding employee staffing, the Services Agreement contains a section with the sub-heading "Materials and Equipment included" which lists the following:

   > a. All chemicals are included for the maintenance of pools and Jacuzzi's. Provider will supply and add all chemicals necessary to maintain a proper water balance.
   > b. All chemicals are included for the cleaning of the pool deck area.
   > c. Maintain and inventory of chemicals and materials such as:
   >    i. Liquid Chlorine
   >    ii. Stabilizer
   >    iii. Sodium Bicarb
   >    iv. Muriatic Acid
   >    v. Trichlor tabs
   >    vi. Caustic Soda
   >    vii. Water Clarifier
   >    viii. Algae remover
   >    ix. Tile Cleaner
   >    x. Liquid chlorine injection system will be maintained for adequate levels of free chlorine levels in the swimming pool water.
   > d. The hotel will provide a storage room for all the pool chemicals.
   > e. Provider will supply the following equipment & materials:
   >    i. Vacuums
   >    ii. Hose
   >    iii. Poles
   >    iv. Brushes

>                    v. Nets
>                vi. Broom

Id.

6. Under a sub-heading titled "Emergency Services," which represents the last portion of the "Descriptions of the Services" section, there is a note that reads as follows:

> Note: Repairs and installation on new equipment are not included. These will be reported and quoted to Engineering Department for approval and will be invoiced separately.

Id. at 7.

1. On February 6, 2021, Ms. Silvas stepped on a paver bordering the Caribe Hilton hotel's jacuzzi pool. (Docket No. 50-4 at 2).

2. The paver gave way and Ms. Silvas fell, injuring herself. (Docket No. 48-5 at 54).

3. One of the pavers fell into the jacuzzi at the moment of the accident. (Docket No. 53-1 at 54).

## IV. ANALYSIS

Federal courts hearing diversity cases must apply the substantive law of the state in which they sit—in this case, the Commonwealth of Puerto Rico. Baum-Holland v. Hilton El Con Mgmt., LLC, 964 F.3d 77, 87 (1st Cir. 2020) (citations omitted). Plaintiffs bring suit under Article 1536 of the Puerto Rico Civil Code, which is Puerto Rico's general tort statute. Prior to the

current civil code, enacted in 2020, Puerto Rico's general tort statute was codified as Article 1802, at P.R. Laws Ann tit. 31, § 5141 (1956). Orellano-Laureano v. Instituto Medico del Norte, Inc., 2023 WL 4532418, at *6 (D.P.R. 2023). Articles 1536 and 1802 have provisions that "are extremely similar and thus can be used interchangeably." Id., 2023 WL 4532418, at *6 n.5. Courts in this district accordingly apply caselaw analyzing Article 1802 to claims arising under Article 1536. See, e.g., Dumanian v. FirstBank P.R., 2024 WL 197429, at *3 n.4 (D.P.R. 2024).

There currently is no official translation of Article 1536,[3] but the pertinent portion of the English language version of Article 1802 reads: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Laws Ann tit. 31, § 5141 (1956). Under Puerto Rico law, negligence is defined "as the failure to exercise due diligence to avoid foreseeable risks." Woods-Leber v. Hyatt Hotels of P.R., Inc., 124 F.3d 47, 50 (1st Cir. 1997). A plaintiff bringing a negligence-based suit must establish "(1) a duty requiring the defendant to conform to a certain standard of conduct, (2) a breach of that duty, (3) proof of damage, and (4)

---

[3] One court in this district has translated Article 1536 as reading: "any person who, through fault or negligence, causes damage to another, is obliged to repair it." Dumanian, 2024 WL 197429, at *3.

a causal connection between the damage and the tortious conduct." Id. (citations omitted); see also Calderon-Ortega v. United States, 753 F.3d 2540, 254 (1st Cir. 2014) (quoting Cotto v. Consol. Mut. Ins. Co., 16 P.R. Offic. Trans. 786, 794 (P.R. 1985)) (noting that the plaintiff bears the burden of placing "the court in a position to make a clear and specific determination on negligence").

The first element of a negligence action is commonly known as a duty of care. Baum-Holland, 964 F.3d at 88. It may arise "(1) by a statute, regulation ordinance, bylaw, or contract; (2) as the result of a special relationship between the parties that has arisen through custom; or (3) as the result of a traditionally recognized duty of care particular to the situation." De-Jesus-Adorno v. Browning Ferris Indus. of P.R., Inc., 160 F.3d 839, 842 (1st Cir. 1998). The duty of care requires "anticipating reasonably probable injuries to probable victims," and therefore "does not extend to all imaginable effects resulting from defendant's conduct." Wojciechowicz v. United States, 576 F. Supp. 2d 241, 272 (D.P.R. 2008), aff'd, 582 F.3d 57 (1st Cir. 2009) (citations omitted).

### A. Contractual Duty of Care

Plaintiffs argue that Pool & Spa has a duty of care by dint of its contract with the Caribe Hilton hotel. Specifically,

Plaintiffs point to the Services Agreement to claim that Pool & Spa had a contractual duty to maintain the pool area and to report necessary repairs. (Docket No. 53 at 15). Defendant avers that Plaintiffs misread the plain language of the Contract, which is primarily concerned with cleaning. (Docket No. 63 at 3-4).

The interpretation of a contract is governed by Article 354 in the amended Puerto Rico Civil Code. P.R. Laws Ann tit. 31, § 6342 (2020). Relevant sections of Article 354[4] correspond to Article 1233 of the prior Puerto Rico Civil Code, which provides that "[i]f the terms of a contract are clear and leave no doubt as to the intentions of the contracting party, the literal sense of its stipulations shall be observed. If the words should appear contrary to the evident intention of the contracting parties, the intention shall prevail." *See* P.R. Laws Ann tit. 31, § 3471 (1930). "[A] term is considered 'clear' when it is sufficiently lucid to be understood to have one particular meaning, without room for doubt." Lopez & Medina Corp. v. Marsh USA, Inc., 667 F.3d 58, 64 (1st Cir. 2012) (alteration in original) (quoting Jimenez v. Triple S. Inc., 154 F. Supp. 2d 236, 238 (D.P.R. 2001)).

Article 1237 of the prior Puerto Rico Civil Code further provides that "[t]he stipulations of a contract should be

---

[4] There is no official English translation for Article 354, and the parties have not submitted certified translations of their own.

interpreted in relation to one another, giving to those that are doubtful the meaning which may appear from the consideration of all of them together." P.R. Laws Ann. tit. 31, § 3475 (1930); *see also* P.R. Laws Ann. tit. 31, § 6344 (2020) (Article 356 of the amended Puerto Rico Civil Code). The Puerto Rico Supreme Court has similarly held that "[w]hen construing the terms of a contract, a court must read its terms together and harmonize them so as to determine the true will of the parties." Carrillo Norat v. Camejo, 7 P.R. Offic. Trans. 144, 144 (P.R. 1978).

Plaintiffs do not argue that the Services Agreement contains unclear terms. Rather, they argue there was a contractual duty of care because Pool & Spa was obliged to provide adequate maintenance of the pavers and to report necessary repairs. Neither argument is availing here, and Plaintiffs' interpretation of the Services Agreement does not rely on any citation to authority or principles of contractual interpretation.

First, regarding Pool & Spa's maintenance obligations, the Court notes that there is a section of the Contract titled "Pool Maintenance" that explains what kind of services Pool & Spa was to provide. (Fact ¶ 3). Specifically, the required daily maintenance included activity related to cleaning the pool and jacuzzi, such as vacuuming, brushing, chemical balance testing, and checking pumps and skimmer baskets. Id. There is no mention of maintenance

of the pool or jacuzzi's structural integrity. The parties did not expressly contract for any kind of maintenance other than that related to cleaning and organizing. Accordingly, the Services Agreement does not impose a contractual duty on Pool & Spa to maintain tile adhesive, repair loose pavers, or remove other hazards.

Second, the Services Agreement imposes no contractual duty on to report needed repairs. Plaintiffs cite to one paragraph of the Contract that falls under the heading "Emergency Services," **which in turn follows a section on material and equipment provided by either the Caribe Hilton hotel or by Pool & Spa**. The relevant paragraph reads as follows:

> Note: Repairs and installation **on new equipment** are not included. These will be reported and quoted to Engineering Department for approval and will be invoiced separately.

(Fact ¶ 6) (emphasis added). In keeping with the guidance of the Puerto Rico Civil Code to read **all** the terms of a contract and harmonize them, the above paragraph can only be read as requiring Pool & Spa to report the need for and cost of repairs and installation of new equipment, such as those listed earlier in the Services Agreement.[5] In other words, the Services Agreement

---

[5] By definition, the word "equipment" does not include structural components such as pavers. *See, e.g.*, Equipment, Cambridge Academic Content Dictionary, https://dictionary.cambridge.org/dictionary/english/equipment (last visited

requires Pool & Spa to alert the Caribe Hilton hotel's Engineering Department when items such as vacuums or hoses need to be purchased or repaired, but it does not impose a contractual duty on Pool & Spa to report repairs for hazards such as loose pavers. Furthermore, there is no other reference to repairs or reporting anywhere else in the Services Agreement, which is predominantly about the cleaning services to be provided by Pool & Spa. *See* (Docket No. 50-2).

### B. Business Owner's Duty of Care

Plaintiffs also appear to argue that a duty of care existed premised on the duty of business owners. (Docket No. 53 at 14). Business owners undeniably owe "a duty of reasonable care to business invitees." Calderon-Ortega, 753 F.3d at 252. This generally means that they must keep their establishments "in a safe condition so that the clients do not suffer harm or damage." Outter v. Marriott P.R. Mgmt. Corp., 2020 WL 1429205, at *4 (D.P.R. 2020). Notably, however, Plaintiffs were guests at the Caribe Hilton hotel, not invitees of Pool & Spa. For liability to attach,

---

February 2, 2024) ("the set of tools, clothing, etc., needed for a particular activity or purpose"); Equipment, Webster's New World College Dictionary, 4th Ed. (2010), https://www.collinsdictionary.com/dictionary/english/equipment (last visited February 2, 2024) ("whatever a person, group, or thing is equipped with; the special things needed for some purpose; supplies, furnishings, apparatus, etc."); Equipment, Oxford English Dictionary, https://www.oed.com/dictionary/equipment_n?tab=meaning_and_use#5378431 (last visited February 2, 2024) ("[a]nything used in equipping; furniture; outfit; warlike apparatus; necessaries for an expedition or voyage").

the dangerous condition must exist inside of the business, and the condition must have been "known or foreseeable by the **owner** of the establishment." Rigual-Quintana v. United Parcel Service, Co., 195 F. Supp. 2d 358, 361 (D.P.R. 2002) (emphasis added). Because Ms. Silvas' fall occurred on the grounds of the Caribe Hilton hotel and not, say, in the offices of Pool & Spa, Defendant had no duty pursuant to a business owner theory of liability.

The Court finds that Plaintiffs cannot meet their burden to establish that Defendant had a duty of care under either a contractual theory or a business owner theory. Because Plaintiffs failed to establish a necessary element of their negligence claim, the Court declines to assess whether they would have had sufficient evidence as to the remaining elements, and Pool & Spa's *Motion* is **GRANTED**.

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** the *Consolidated Motion and Memorandum of Law in Support of Summary Judgment* filed by Defendant Pool & Spa Technicians Corp. at Docket No. 49. Accordingly, all claims against Pool & Spa Technicians Corp. are **DISMISSED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 2nd day of February 2024.

                                    s/Raúl M. Arias-Marxuach
                                    UNITED STATES DISTRICT JUDGE